UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ST. LOUIS LABOR HEALTH INSTITUTE, )
an employee benefit plan, and DAVE )
LALUMONDIER, PAT RAFTERY, VERNON T. )
HAYES, MIKE GOEBEL, ROBERT J.  FLACKE, )
JOYCE SIMS, ANETHEL LUSTER and SCOTT )
WEISS, in their representative capacity as Trustees )
of St. Louis Labor Health Institute, and )
TEAMSTERS MEDICARE TRUST FOR )
RETIRED EMPLOYEES, an employee benefit plan, )
and ROLAND LEWIS, RICHARD DIFFLEY, )
DAVE LALUMONDIER, JOHN GUERRA, JR., )
MARVIN KROPP, RICH PIGLOWSKI, DEE )
TRACY, ROBERT J. FLACKE, BILL CROSS and )
JANE WILLIAMS, in their representative capacities )
as Trustees of the Teamsters Medicare Trust for )
Retired Employees, and TEAMSTERS LOCAL 688 )
INSURANCE AND WELFARE FUND, and )
RICHARD DIFFLEY, DAVE LALUMONDIER )
and ROBERT J. FLACKE, in their representative )
capacities as Trustees of Teamsters Local 688 )
Insurance and Welfare Fund, )
 )
    Plaintiffs, )
 )
v. )
 )
LASCO FOODS, INC., )
 )
    Defendant. )

## COMPLAINT

For their cause of action against defendant Lasco Foods, Inc. plaintiffs state as follows:

1.    Jurisdiction of this cause of action and the parties to it is also conferred by subsections (a), (b), and (c) of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185 and by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f).  Venue in this Court is appropriate

by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2. St. Louis Labor Health Institute ("LHI") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). LHI is the Plan Sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B). LHI has its offices in and is operated and administered in this judicial district. Plaintiffs Dave Lalumondier, Pat Raftery, Vernon T. Hayes, Mike Goebel, Robert J. Flacke, Joyce Sims, Anethel Luster and Scott Weiss (collectively "the Trustees") constitute the Board of Trustees of LHI and are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

3. Teamsters Medicare Trust for Retired Employees ("TMT") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). TMT is the Plan Sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B). TMT has its offices in and is operated and administered in this judicial district. Plaintiffs Roland Lewis, Richard Diffley, Dave Lalumondier, John Guerra, Jr., Marvin Kropp, Rich Piglowski, Dee Tracy, Robert J. Flacke, Bill Cross and Jane Williams (collectively "the Trustees") constitute the Board of Trustees of TMT and are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

4. Teamsters Local 688 Insurance and Welfare Fund (the "Insurance and Welfare Fund") is an employee benefit plan within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and is a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Insurance and Welfare Fund is the Plan

Sponsor within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B). The Insurance and Welfare Fund has its offices in and is operated and administered in this judicial district. Plaintiffs Richard Diffley, Dave Lalumondier and Robert J. Flacke (collectively "the Trustees") constitute the Board of Trustees of the Insurance and Welfare Fund and are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Teamsters Local Union No. 688, affiliated with the International Brotherhood of Teamsters, AFL-CIO is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4), and maintains its principal offices within this judicial district.

6. Defendant Lasco Foods, Inc. is a corporation organized and operating under the laws of the State of Missouri and is an employer within the meaning of Section 301 of the LMRA, 29 U.S.C. §185 and Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and maintains offices and conducts business within this judicial district. Defendant is engaged in an industry affecting commerce within the meaning of Sections 2(2), (6), and (7) of the NLRA, 29 U.S.C. §§152(2), (6), and (7).

7. Lasco Foods, Inc. is signatory to a collective bargaining agreement with the Teamsters Local Union No. 688.

8. Under the terms of the collective bargaining agreement, defendant has been and is obligated to submit monthly reports on all covered employees in their employ and to contribute on a monthly basis to LHI, TMT and the Insurance and Welfare Fund at specified amounts. LHI, TMT, the Insurance and Welfare Fund, and the individual trustees are third-party

3

beneficiaries of the collective bargaining agreement.

9. Although demand has been made, defendant has failed and refused to make all the required contributions. This conduct is in breach of the collective bargaining agreement and in violation of Section 515 of ERISA, 29 U.S.C. §1145.

10. Pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable to plaintiffs for all unpaid principal amounts.

11. In addition, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant is liable to plaintiffs for liquidated damages and pre-judgment interest on the unpaid principal amounts.

12. Further, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), defendant also is liable to pay to plaintiffs the reasonable attorneys' fees and costs incurred by plaintiffs in connection with this action.

13. Defendant, by its breaches of the collective bargaining agreement in violation of Section 301 of the LMRA, 29 U.S.C. §185 and Section 515 of ERISA, 29 U.S.C. §1145, has caused and will continue to cause plaintiffs to incur reasonable legal, administrative, bookkeeping, and accounting fees and costs.

14. Plaintiffs cannot ascertain the precise amounts owed by defendant absent an examination and accounting.

15. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs pray:

    (a) That this Court order defendant to submit its books and records for examination and accounting so that plaintiffs can determine the precise amount of its delinquencies;

(b) That this Court enter its judgment and decree against defendant for the principal amount of the delinquencies as determined by the examination and accounting together with interest and liquidated damages on that amount;

(c) That this Court enter its judgment and decree against defendant for plaintiffs' reasonable attorneys' fees and for plaintiffs' costs, including accounting, auditing, and administrative costs; and,

(d) That this Court enter such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DIEKEMPER, HAMMOND, SHINNERS, TURCOTTE AND LARREW, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Telephone: (314) 727-1015
Facsimile: (314) 727-6804

_____
GREG A. CAMPBELL, #2774

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The foregoing was electronically filed with the Clerk of the Court this 23rd day of May 2006, and copies have been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

_____